```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #:_____           │
│ DATE FILED: AUG 0 6 2012         │
└─────────────────────────────────┘
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ELVIRA SPADAVECCHIA,                      :
                        Plaintiff,        :
                                          :
        -v-                               :          10 Civ. 5593 (AJN)
                                          :
                                          :               ORDER
BARNES & NOBLE, INC.,                     :
                        Defendant.        :
------------------------------------------------------------------- X

ALISON J. NATHAN, District Judge:

        Defendant Barnes & Noble, Inc., ("Barnes & Noble") in this matter moves for summary

judgment against *pro se* Plaintiff Elvira Spadavecchia, arguing it is entitled to judgment as a

matter of law on her remaining claims for discrimination under the American's with Disabilities

Act of 1990, 42 U.S.C. §§ 12112-12117 ("ADA").[1]  Plaintiffs' Amended Complaint alleges that

she was unlawfully terminated from her employment at Barnes & Noble because of her bipolar

disorder. (Am. Compl. at 2; Am. Compl. Annexed Facts Sheet at 1-2; Am. Compl. Opinion of

the Commission on Human Rights at 2; Compl. at 3).

        On March 9, 2012, the Court held a conference with the parties in which it explained the

summary judgment process and set a briefing schedule, which schedule was memorialized in an

order the same day. (D.E. 27).  Barnes & Noble's motion was due on April 13, 2012, and was

timely filed on April 12, 2012. (D.E. 27).  Plaintiff's opposition was due May 14, 2012, but no

opposition was filed.  On May 24, 2012, the Barnes & Noble submitted a letter to the Court and

carbon copied to the Plaintiff, attached, noting that Plaintiff had not submitted an opposition and

noting that its motion was, therefore, unopposed.  The Court has not received any further

communications from Plaintiff and, therefore, also considers the motion unopposed.  However,

---

[1] On January 25, 2011, Plaintiff voluntarily dismissed with prejudice her New York State Human Rights Law
claims. (D.E. 11).

under Second Circuit law, "[e]ven when a motion for summary judgment is unopposed, the district court is not relieved of its duty to decide whether the movant is entitled to judgment as a matter of law." *Vt. Teddy Bear Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 242 (2d Cir. 2004); *see also St. Clair Jones v. Lamont*, 379 Fed. Appx. 58, 59 (2d Cir. May 27, 2010) (unpublished). The Court therefore assesses Barnes & Noble's motion on the merits and finds, as described below, that it has satisfied its burden to show it is entitled to judgment as a matter of law. The Court therefore GRANTS Barnes & Noble's motion.

## I.   FACTS

In August 1998, Ms. Spadavecchia began her employment with Barnes & Noble. (Morabito Decl. ¶ 17; Warren Decl. Ex 6 at 14:17-19). Over the next several years, Ms. Spadavecchia received several warnings regarding unprofessional behavior and effective communication. For example, within her first year, on August 16, 1999, Ms. Spadavecchia was placed on a performance development plan (PDP), that noted that she should work on "communicat[ing] effectively" and informed her she must "refrain from any behavior that may be perceived by others as non-courteous or unprofessional" and that further violations may result in discipline. (Morabito Decl. ¶ 17; Morabito Decl. Ex. 2 at 1). Further warnings were given in at least two other PDPs, which noted unprofessional behavior including storming out of an office and shutting out the lights and the use of unprofessional language, for which she was given "final warnings," and her 2001 performance review also indicated she needed to work on professionally communicating store issues with management. (Morabito Decl. ¶¶ 18-20; Morabito Decl. Exs. 3-5).

In January 2003, pursuant to Barnes & Noble policy, another Barnes & Noble employee reported Ms. Spadavecchia for making a phone call in which Ms. Spadavecchia's voice was

2

slurred and in which Ms. Spadavecchia called her a "bitch." (Morabito Decl. ¶ 21; Morabito Decl. Ex. 6). Frank Morabito, then a District Manager for Barnes & Noble stores in New York City, met with Ms. Spadvecchia to discuss this incident, after which Ms. Spadavecchi threw a lock from her locker across the employee locker room. (Morabito Decl. ¶¶ 3, 22; Warren Decl. Ex. 6 at 137:5-138:9). Ms. Spadavecchia was terminated on January 25, 2003. (Morabito Decl. ¶ 23).

Shortly thereafter, without consulting Mr. Morabito, Barnes and Noble rehired Ms. Spadavecchia. (Morabito Decl. ¶ 24). Over the next few years, Ms. Spadvecchia, although adequately performing many of her responsibilities, continued to have issues regarding treatment of co-workers and managers, including an incident in which she reportedly threw a dish and called a co-worker a "phony." (Morabito Decl. ¶¶ 26, 29-35; Morabito Decl. Exs. 9-11). In early July, in preparation for a meeting with Ms. Spadavecchia, Mr. Morabito learned that Ms. Spadavecchia had made a phone call on July 8, 2008, to the store manager in which Ms. Spadavecchia was screaming and cursing at the manager. (Morabito Decl. ¶ 36).

Mr. Morabito met with Ms. Spadavecchi on July 10, 2008, and informed her that she was on a final warning due to the earlier incident in which she threw the dish. (Morabito Decl. ¶ 37). During this meeting, Ms. Spadavecchia informed Mr. Morabito for the first time that she had been diagnosed with bi-polar disorder. (Morabito Decl. ¶ 38; *see also* Warren Decl. Ex. 6 at 81:5-12). After this meeting, Ms. Spadavecchia left a late-night voicemail on Mr. Morabito's cell phone in which he perceived her voice to be slurred, leading him to believe she had been drinking alcohol, and in which she demanded to be transferred to another store. (Morabito Decl. ¶ 42; Warren Decl. Ex. 6 at 80:8-9). Mr. Morabito decided to terminate Ms. Spadavecchia after receiving this voicemail, considering it to be another incident in a pattern of disrespectful

3

behavior. (Morabito Decl. ¶ 44). Barnes & Noble's policies on separation of employment state that among the behavior and actions warranting immediate dismissal are "offensive verbal or physical conduct" (Morabito Decl. Ex. 1 at 5; Morabito Decl. ¶ 9).

In her deposition, Ms. Spadavecchia testified that she believed that the employee who reported her for calling her a "bitch" was lying. (Warren Decl. Ex. 6 at 131:20-132 160:12-161:17). Likewise, although she admitted to calling her co-worker a "phony," she denied throwing a dish in this incident. (Warren Decl. Ex. 6 at 184:18-188:6). Finally, she denied that during the July 8, 2008 telephone call she was cursing or screaming. (Warren Decl. Ex. 6 at 208:4-209:12). However, there is no evidence before the Court that suggests that Mr. Morabito did not genuinely believe that these incidents occurred as described above and no evidence that the individuals who reported these incidents harbored any animus based on Ms. Spadavecchia's alleged disability.

## II.   DISCUSSION

Summary judgment is appropriate if there is no genuine dispute of material fact and, based on the undisputed facts, the moving party is entitled to judgment as a matter of law. *Sista v. CDC Ixis N. Am., Inc.*, 445 F.3d 161, 169 (2d Cir. 2006). "A material fact is one that would 'affect the outcome of the suit under the governing law,' and a dispute about a genuine issue of material fact occurs if the evidence is such that 'a reasonable [factfinder] could return a verdict for the nonmoving party.'" *Id.* (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)) (alteration in original). "In determining whether there is a genuine issue of material fact, the court must resolve all ambiguities, and draw all inferences, against the moving party." *Id.* However, the party opposing summary judgment may not rest on the mere allegations, but must set forth specific facts showing there is a genuine issue for trial. *Id.*

Ms. Spadavecchia's claims of discrimination in violation of the ADA are evaluated under the burden-shifting framework set forth in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). *See id.* In order to prove discrimination under this framework, "[a] plaintiff must establish a *prima facie* case; the employer must offer through the introduction of admissible evidence a legitimate non-discriminatory reason for the discharge; and the plaintiff must then produce evidence and carry the burden of persuasion that the proffered reason is a pretext." *Id.* Barnes & Noble has moved for summary judgment arguing, among other things, that there is no genuine dispute of material fact that it had a legitimate, non-discriminatory reason to terminate Ms. Spadavecchia's employment. Because the Court agrees that there is no genuine dispute that Barnes & Noble had a legitimate non-discriminatory reason for terminating Ms. Spadavecchia, it need not reach Barnes & Noble's other arguments that summary judgment should be granted in its favor.

The evidence before the Court reflects that Mr. Morabito decided to terminate Ms. Spadavecchia because of her repeated altercations with co-workers and her unprofessional actions during those altercations which were in violation of Barnes & Noble policies. These are well-accepted and legitimate reasons for terminating an employee. *See Holt v. KMI-Continental*, 95 F.3d 123, 130 (2d Cir. 1996); *Pacenza v. IBM Corp.*, 2009 U.S. Dist. LEXIS 29778, at *34-35 (S.D.N.Y. Apr. 1, 2009) (violation of company policies was a legitimate reason for termination); *LaBella v. N.Y. City Admin. for Children's Servs.*, 2005 U.S. Dist. LEXIS 18296, at *48-49 (E.D.N.Y. Mar. 11, 2005) (Matsumoto, M.J.), *adopted by* 2005 U.S. Dist. LEXIS 18271 (E.D.N.Y. Mar. 28, 2005). Although Ms. Spadavecchia's deposition reveals that she disputes some of the facts of the underlying incidents, there is no evidence before the Court suggesting that Mr. Morabito did not genuinely believe these incidents occurred as described above or that

5

his stated reasons were a pretext to conceal discrimination. These disputes are, therefore, immaterial. *See Vinokur v. Sovereign Bank*, 701 F. Supp. 2d 276, 289 (E.D.N.Y. 2010); *LaBella*, 2005 U.S. Dist. LEXIS 18296, at *49 ("Notably, even if Mr. Cardieri's decision to terminate plaintiff was informed by erroneous facts or mistaken beliefs, it was nevertheless based on non-discriminatory reasons."); *Valentine v. Standard & Poor's*, 50 F. Supp. 2d 262, 290 (S.D.N.Y. 1999) ("Absent discrimination, an employer may fire an employee for a good reason, bad reason, a reason based on erroneous facts, or no reason at all, so long as its action is not based on a discriminatory reason."). Although the Court does not have any argument from Ms. Spadavecchia before it, the Court notes that any suggestion that the misconduct at issue was caused by her alleged mental disability would not be legally sufficient in this case to change the Court's conclusion. *See Johnson v. Maynard*, 2003 U.S. Dist. LEXIS 2676, at *14 (S.D.N.Y. Feb. 20, 2003) ("When an employer fires an employee because of that employee's unacceptable behavior, the fact that that behavior was precipitated by mental illness does not present an issue under the ADA."); *Valentine*, 50 F. Supp. 2d 262, 290 (explaining that "whether Valentine's misconduct was a manifestation of his disability is immaterial because the ADA does not immunize disabled employees from discipline or discharge for incidents of misconduct in the workplace").

## III.   CONCLUSION

Summary judgment is granted in favor of Barnes & Noble on Ms. Spadavecchia's sole remaining claim alleging discrimination under the ADA. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Order would not be taken in good faith, and

therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v.*

*United States*, 369 U.S. 438, 444-45 (1962).


Dated: August 6, 2012
        New York, New York

_____
ALISON J. NATHAN
United States District Judge


COPIES MAILED
TO ~~COUNSEL~~ OF RECORD ON  AUG 0 6 2012
    Pro Se Party

7





Jay P. Warren
Direct: 212-541-2110
Fax: 212-541-1466
jpwarren@bryancave.com

Bryan Cave LLP
1290 Avenue of the Americas
New York, NY 10104-3300
Tel (212) 541-2000
Fax (212) 541-4630
www.bryancave.com

May 24, 2012

**VIA HAND DELIVERY**

Hon. Alison J. Nathan
United States District Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street
New York, New York 10007
Fax: (212) 805-6382

Re:   *Elvira Spadavecchia v. Barnes & Noble Booksellers, Inc.,*
      Case No. 10-civ-5593 (AJN) (GWG)

Dear Judge Nathan:

We represent Barnes & Noble Booksellers, Inc. ("Barnes & Noble"), the defendant in the above-referenced action brought by *pro se* plaintiff Elvira Spadavecchia ("Ms. Spadavecchia"). On March 9, 2012, the Court held a pre-motion conference in this action in advance of Barnes & Noble's filing a motion for summary judgment. At that conference, Your Honor ordered the following briefing schedule: Barnes & Noble was to file its motion for summary judgment on or before April 13, 2012; Ms. Spadavecchia was to file her response to the motion to dismiss on or before May 14, 2012; and Barnes & Noble's reply was due on or before May 25, 2012.

Barnes & Noble timely served and filed its motion for summary judgment. However, we have not received any opposition to the motion from Ms. Spadavecchia, nor has she requested an adjournment of her time to serve opposition to the motion. The docket also does not reflect that Ms. Spadavecchia has filed any opposition to the motion. Accordingly, Barnes & Noble has not served reply papers in further support of its summary judgment motion, and submits its motion unopposed.

Pursuant to Your Honor's individual practice rules, enclosed please find two three-ring binders containing courtesy copies of the following papers:

- Notice to Pro Se Litigant Who Opposes a Motion for Summary Judgment;

- Notice of Motion for Summary Judgment Pursuant to FRCP 56, with accompanying Declaration of Jay P. Warren and six exhibits thereto,

**Bryan Cave Offices**

Atlanta
Boulder
Charlotte
Chicago
Colorado Springs
Dallas
Denver
Frankfurt
Hamburg
Hong Kong
Irvine
Jefferson City
Kansas City
London
Los Angeles
New York
Paris
Phoenix
San Francisco
Shanghai
Singapore
St. Louis
Washington, DC

**Bryan Cave
International Consulting**
*A TRADE AND CUSTOMS CONSULTANCY*

www.bryancaveconsulting.com

Bangkok
Beijing
Jakarta
Kuala Lumpur
Manila
Shanghai
Singapore
Tokyo

Hon. Allison J. Nathan
May 24, 2012
Page 2

Bryan Cave LLP

      Declaration of Frank Morabito and twelve exhibits thereto, and Affidavit of Ernesto L. Perdomo, Ph. D. with two exhibits thereto;

- Defendant's Statement of Undisputed Facts Pursuant to Local Civil Rule 56.1; and

- Defendant Barnes & Noble Booksellers, Inc.'s Memorandum of Law in Support of Its Motion for Summary Judgment.

Respectfully submitted,

Jay P. Warren

cc:    Elvira Spadavecchia (Plaintiff *pro se*) (*via U.S. mail, without enclosures*)

Enclosures